12-4441-cr
United States v. Coke

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of November, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                       *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                       *Appellee*,

              v.                                    12-4441-cr

CHRISTOPHER MICHAEL COKE, AKA President, AKA
Michael Christopher Coke, AKA Paul Christopher Scott,
AKA Shortman, AKA Duddus, AKA Presi, AKA General,

                       *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Jane S. Meyers, Brooklyn, N.Y.

Appearing for Appellee:      John T. Zach, Assistant United States Attorney for the Southern
                             District of New York (Preet Bharara, United States Attorney, Brent
                             S. Wible, Assistant United States Attorney, *on the brief*), New
                             York, N.Y.

---

[1] The Clerk of Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).


**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART, VACATED AND REMANDED IN PART**.


Christopher Michael Coke appeals from the June 13, 2012 judgment of the United States District Court for the Southern District of New York (Patterson, *J.*). Coke pleaded guilty to one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and one count of conspiracy to commit assault in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6). The district court sentenced Coke to 276 months' imprisonment and an aggregate term of four years' supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Coke for the first time contends that his plea allocution did not provide a sufficient factual basis for his guilty plea pursuant to Federal Rule of Criminal Procedure 11(b)(3). *See* Fed. R. Crim. P. 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.").

Where a defendant failed to object on the basis of a Rule 11 violation before the district court, we review the claim for plain error under Rule 52(b) of the Federal Rules of Criminal Procedure. *See United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). "Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012) (internal quotation marks omitted). In order to establish that a Rule 11 violation affected substantial rights, the defendant must also show "that there is a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)) (internal quotation marks omitted).

Rule 11(b)(3) requires the district court to "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997) (discussing prior version of Rule 11(b)). To comply with Rule 11(b)(3) "no specific dialogue [] must take place" at the plea allocution; the district court "may rely on [a] defendant's own admissions, information from the government, or other information appropriate to the specific case." *United States v. Andrades*, 169 F.3d 131, 136 (2d Cir. 1999). Even "a reading of the indictment to the defendant coupled with his admission of the acts described in it may provide a sufficient factual basis for a guilty plea where the charge is uncomplicated, the indictment detailed and specific, and the admission unequivocal." *United States v. Garcia*, 587 F.3d 509, 518 (2d Cir. 2009) (internal quotation marks omitted).

We find that the district court did not commit plain error in accepting Coke's guilty plea. Here, the district court correctly determined that an adequate factual basis supported Coke's plea of guilty to conspiracy to commit assault in aid of racketeering. *See* 18 U.S.C. § 1959(a)(6); *see also* N.Y. Penal Law § 120.05 (defining assault in the second degree). In his prepared allocution Coke stated that he "participated in a conspiracy to assault a person who owed a drug related debt to a member of [the racketeering enterprise] which resulted in his injury." When asked by the district court "what was done or what was agreed upon to be done," Coke replied that a co-conspirator had "used a knife and stabbed" a "person that owe (sic) another person for his marijuana." The district court further inquired whether "it was agreed that [the co-conspirator] would use a knife and stab [the victim]" and whether the attack was "intended to commit serious injury"; Coke answered in the affirmative to both questions.

We reject Coke's contention that his allocution was insufficient to establish a factual basis for his guilty plea. To the extent that Coke argues that the sufficiency of his plea turns on whether the harm actually inflicted falls within the definition of physical injury under New York law, he misapprehends the charged conduct. *See* N.Y. Penal Law § 10.00(9) (defining "physical injury" as "impairment of physical condition or substantial pain"). Coke pleaded guilty to conspiracy, not to the underlying assault offense. "Conspiracy is a crime that is separate and distinct from the substantive offense that is the object of the conspiracy. Because it is the conspiratorial agreement itself that is prohibited, the illegality does not depend on the actual achievement of the coconspirators' goal. . . . What matters in a conspiracy prosecution is whether the defendants agreed to commit the underlying offense, not whether their conduct would actually have constituted that offense." *United States v. Rosa*, 17 F.3d 1531, 1543 (2d Cir. 1994) (internal citations omitted). Because Coke's allocution admitted to his participation in the conspiracy to commit assault, his sufficiency argument necessarily fails.

However, we agree with Coke that the district court erred in sentencing him to two terms of two years' supervised release to run consecutively following his term of imprisonment. Because conspiracy to commit assault in aid of racketeering is a class E felony, *see* 18 U.S.C. §§ 1959(a)(6), 3559(a)(5), the district court was permitted to impose a maximum term of supervised release of no more than one year for Coke's conviction under count two, *id.* § 3583(b)(3). In addition, 18 U.S.C. § 3624(e) provides that, "[t]he term of supervised release commences on the day the person is released from imprisonment and runs *concurrently* with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release." *Id.* § 3624(e) (emphasis added). The parties agree that the district court committed plain error. We therefore remand Coke's case to the district court to (1) impose a term of supervised release under count two within the statutory limit and (2) specify that the terms of supervised release are to run concurrently. *See id.* § 3742(f)(1) (where the "court of appeals determines that . . . the sentence was imposed in violation of law . . . , the court shall remand the case for further sentencing proceedings").

3

We have considered the remainder of Coke's arguments and find them to be without merit. Accordingly, Coke's conviction is AFFIRMED; his sentence is VACATED, insofar as it requires him to serve consecutive two-year terms of supervised release, and REMANDED for resentencing consistent with this order.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk